**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

TRACY BORROR,

                Plaintiff,

v.

WORKS & LENTZ OF TULSA, INC.,

                Defendant.

Case No. 15-CV-372-JED-TLW

**ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

COMES NOW the Defendant Works & Lentz, Inc., and for its Answer to Plaintiff's Verified Complaint, states and alleges as follows:

**INTRODUCTION**

1. Defendant admits that Plaintiff bases her action on 15 USC § 1692, et seq. as alleged in paragraph 1 of Plaintiff's Verified Complaint. Defendant denies violation of the Act.

2. Paragraph 2 of Plaintiff's Verified Complaint recites Congressional findings and purposes relative to the statutory provisions upon which Plaintiff relies on in support of her allegations and, as such, no response is required and no admission is made that the allegations are in any way relevant to the claims in this action.

**JURISDICTION AND VENUE**

3. Defendant admits that jurisdiction is proper in this Court as alleged in paragraph 3 of Plaintiff's Verified Complaint.

4. Defendant admits the allegations of paragraph 4 of Plaintiff's Verified Complaint.

5. Defendant admits that venue is proper in this Court as alleged in paragraph 5 of Plaintiff's Verified Complaint.

## PARTIES

6. Defendant is without sufficient information and knowledge to admit or deny whether Plaintiff currently resides in Tulsa, County of Tulsa, Oklahoma, as alleged in Paragraph 6 of Plaintiff's Verified Complaint; therefore, denied.

7. Defendant admits, within the context of the subject debt described in paragraph 11 of Plaintiff's Verified Complaint, that Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and that the subject debt is debt as defined by 15 U.S.C. §1692a(5) as alleged in Paragraph 7 of Plaintiff's Verified Complaint.

8. Defendant admits, within the context of the subject debt described in paragraph 11 of Plaintiff's Verified Complaint, the allegations of paragraph 8 in Plaintiff's Verified Complaint.

9. Defendant admits the portion of paragraph 9 that states it has an office in Tulsa, Oklahoma. The remaining allegations of paragraph 9 of Plaintiff's Verified Complaint are denied.

10. Defendant denies any implication or mischaracterization contained in paragraph 10 of Plaintiff's Verified Complaint. Defendant admits that it acted through its employees, officers, members, and directors.

## FACTUAL ALLEGATIONS

11. Defendant admits the allegations of paragraph 11 of Plaintiff's Verified Complaint.

12. Defendant admits that Plaintiff called Defendant's office. Defendant admits that it accepted a payment during that phone call and that Plaintiff agreed to a monthly recurring payment of $100.00 through April 20, 2014. The remaining allegations of paragraph 12 of Plaintiff's verified complaint are denied.

13. Defendant admits that the automatic payments ceased after April 2014 as alleged in paragraph 13 of Plaintiff's verified Complaint. Defendant denies the remaining allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14 of Plaintiff's Verified Complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's Verified Complaint.

16. Defendant admits that after being served with the lawsuit, Plaintiff called Defendant on August 26, 2014 and spoke with Bill as alleged in paragraph 16 of Plaintiff's Verified Complaint. The remaining allegations of paragraph 16 are denied.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's Verified Complaint.

18. Defendant denies the allegations of paragraph 18 of Plaintiff's Verified Complaint.

19. Defendant admits that Plaintiff asked to speak with Bill's supervisor, was told that Shawna would call Plaintiff and that Shawna did call Plaintiff. The remaining allegations of paragraph 19 of Plaintiff's Verified Complaint are denied.

20. Defendant admits that during Plaintiff's phone conversation with Shawna, Plaintiff offered to pay the full remaining original debt amount, excluding court costs and attorney's fees as alleged in paragraph 20. The remaining allegations of paragraph 20 of Plaintiff's Verified Complaint are denied.

21. Defendant admits that Plaintiff made a visit to Defendant's offices on August 27, 2014 at alleged in paragraph 21. The remaining allegations of paragraph 21 of Plaintiff's Verified Complaint are denied.

22. Defendant admits that on August 27, 2014, Plaintiff met with Carl at Defendant's offices and that Defendant agreed to waive it attorney's fees that day only. Defendant admits that on August 27, 2014, Plaintiff paid Defendant the full balance on the account, plus the filing fees associated with the small claims action filed by Defendant. Defendant provided Plaintiff with a receipt showing that the balance for the subject account was $0.00. Defendant further admits that it dismissed the small claims action without prejudice. The remaining allegations of paragraph 22 of Plaintiff's Verified Complaint are denied.

23. Defendant denies the allegations of paragraph 23 of Plaintiff's Verified Complaint.

24. Defendant admits that the FDCPA does not prohibit a debt collector from leaving the name of the company in voicemail messages left for consumers as alleged in paragraph 24 of Plaintiff's Verified Complaint. No admission is made that the allegations contained in paragraph 24 are in any way relevant to the claims in this action.

25. Defendant denies the allegations contained in the first sentence of paragraph 25 of Plaintiff's Verified Complaint. Defendant admits that 15 U.S.C. § 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity" except as provided in § 1692b of that title. Defendant admits that the official staff commentary from the Federal Trade Commission regarding 15 U.S.C. § 1692d(6) states what is alleged in paragraph 25 of Plaintiff's Verified Complaint. No admission is made that the allegations contained in paragraph 25 are in any way relevant to the claims in this action.

26. Defendants admits the allegations contained in the first sentence of paragraph 26 of Plaintiff's Verified Complaint. The remaining allegations of paragraph 26 of Plaintiff's Verified Complaint are denied.

27. Defendant admits the allegations of paragraph 27 of Plaintiff's Verified Complaint.

28. Defendant admits that 15 U.S.C. § 1692g(a)(5) requires a debt collector to provide to a consumer "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." Defendant denies the remaining allegations of paragraph 28 of Plaintiff's Verified Complaint.

29. Defendant denies the allegations of paragraph 29 of Plaintiff's Verified Complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's Verified Complaint.

## COUNT I

31. Defendant denies the allegations of paragraph 31 and subsections a-f of paragraph 31 of Plaintiff's Verified Complaint.

## COUNT II

32. Defendant denies the allegations of paragraph 32 and subsections a-c of paragraph 32 of Plaintiff's Verified Complaint.

33. Defendant denies the allegations of paragraph 33 of Plaintiff's Verified Complaint.

34. Defendant denies the allegations of the "Wherefore" paragraph of Plaintiff's Verified Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, are in whole or part caused by the contributory negligence of the Plaintiff.

3. Some or all of Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of estoppel, waiver, ratification, release, and/or laches.

4. Plaintiff's claims are barred by accord and satisfaction.

5. Plaintiff's claims against Defendant are barred by the statute of limitations.

6. The acts complained of are exempt from the applicable statutes cited.

7. At all times relevant hereto, Defendants fully complied with the Fair Debt Collection Practices Act, Electronic Funds Transfer Act and/or the laws of the State of Oklahoma.

8. Plaintiff has failed to mitigate her damages.

9. If any wrongful acts have been committed by Defendant, Plaintiff has suffered no actual damages as a result thereof, or such damages, if any, are inconsequential and *de minimis.*

10. To the extent any relief is granted under the Fair Debt Collection Practices Act for statutory damages, Plaintiff's statutory damage is limited to an amount "not to exceed $1,000.00."

11. Any violation of the Fair Debt Collection Practices Act was unintentional and resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid such errors.

12. Any violation of the Electronic Fund Transfer Act was unintentional and resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid such errors.

13. To the extent any relief is granted under the Electronic Funds Transfer Act for statutory damages, Plaintiff's statutory damage is limited to an amount "not greater than $1,000.00."

14. The Electronic Funds Transfer Act is inapplicable to credit-based transactions.

15. Discovery is ongoing in this matter and this Defendant reserves the right to add additional defenses as discovery progresses.

WHEREFORE, Defendant Works & Lentz, Inc. prays that Plaintiff take nothing by way of her Complaint and this Defendant be granted judgment in its favor for costs, attorneys' fees and any other relief this Court deems just and equitable.

Respectfully Submitted,

s/Emily B. Fagan
DAVID A. CHEEK, OBA #1638
EMILY B. FAGAN, OBA #22427
CHEEK & FALCONE, PLLC
6301 Waterford Blvd., Suite 320
Oklahoma City, OK  73118-1168
Telephone:  (405) 286-9191
Facsimile:  (405) 286-9670
dcheek@cheekfalcone.com
efagan@cheekfalcone.com
*Attorney for Defendant,*
 *Works & Lentz of Tulsa, Inc.*

## CERTIFICATE OF SERVICE

☑ I hereby certify that on the 4th day of August, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**Victor R Wandres -** victor@paramount-law.net

s/Emily B. Fagan

S:\10437.082\(58586).doc